IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER WILSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>Case No. 2:20-cv-00597<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On August 24, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 1. On September 16, 2020, Magistrate Judge Bennett reviewed the motion and issued a report and recommendation that Plaintiff's motion be denied without prejudice. *See* Dkt. No. 2. Judge Bennett found that "[b]ased on the information contained in her application to proceed IFP, Ms. Young has not demonstrated a financial inability to pay the required filing fee." *Id.* at 2. She thus failed to satisfy the requirement to proceed *in forma pauperis*. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). As Judge Bennett explained, "Ms. Young's application consists of a three-page narrative generally opposing the filing fee amount and the requirement to provide the court with financial information before a litigant can proceed without prepayment of the filing fee. The application includes neither a statement of assets nor financial information to otherwise evaluate her ability to pay." Dkt. No. 2 at 2. The report and recommendation also provided that "[t]he parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review."

*Id.* Plaintiff did not file within 14 days, and thus has waived, any objections to the report and recommendation.

On October 5, 2020, Plaintiff filed a motion to remove Magistrate Judge Bennett from the case. *See* Dkt. No. 3. The court will treat this motion as raising objections to Judge Bennett's report and recommendation. Although the objections are untimely, the court will address them on the merits.

In her motion, Plaintiff represents that since filing her motion for leave to proceed *in forma pauperis*, she has had her commercial driver's license suspended, lost her job as a truck driver, and "is currently on food stamps (SNAP) and has had no income since August 11, 2020." Dkt. No. 3 at 4–5. She further claims that "[i]n any California state court, anybody on SNAP is automatically granted a fee waiver without having to fill out a financial statement." *Id.* at 5. Based on her "receiving SNAP government benefits" and "the fact that this is a Covid-19 related emergency filing," Plaintiff "once again requests a waiver of the [required filing fee]" and "reconsideration of her Application to Proceed IFP taking into consideration all these facts and argument." *Id.*

But this court is not bound by California law and, under Tenth Circuit law, a district court may deny IFP status when a plaintiff "fail[s] to fill out the proper forms or to otherwise provide the district court with the requisite information." *Lister*, 408 F.3d at 1313 (10th Cir. 2005). Here, Plaintiff has not provided any financial affidavit or supplied the proper information in her application form.

Plaintiff's argument that the "proper interpretation under 28 U.S.C. 1915(a)(1) is that the statement of assets only applies to prisoners," Dkt. No. 3 at 7, is contrary to binding Tenth Circuit precedent. *See Lister*, 408 F.3d at 1312 (10th Cir. 2005). And her argument that the

Federal Magistrates Act violates Article III of the U.S. Constitution, *see* Dkt. No. 3 at 10–13, is contrary to Supreme Court precedent. *See United States v. Raddatz*, 447 U.S. 667, 681–82 (1980). Although Plaintiff argues otherwise, *see* Dkt. No. 3 at 3–4, 8–10, the court is not required to issue any certification under Rule 5.1(b) of the Federal Rules of Civil Procedure or to consider her request for a speedy hearing under Rule 57 until Plaintiff pays the required filing fee or is granted IFP status. *See* 28 U.S.C. §1914–15. Finally, Plaintiff's "Constitutional Challenge to the 16th Amendment," Dkt. No. 3 at 13, has nothing to do with the requirements for IFP status and thus warrants no further discussion.

*   *   *

For the foregoing reasons, the court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Bennett's report and recommendation. Plaintiff's motion to proceed *in forma pauperis* is **DENIED** without prejudice. Plaintiff may either resubmit an application for leave to proceed *in forma pauperis* that complies with the rules or prepay the full filing fee of $400 within 30 days. Failure to do so will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

DATED this 7th day of October, 2020.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge